UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05498-HDV-DSR | Date | June 5, 2026 |
| Title | *Edmond Neal v. Margaret Mi Kim* | Page | 1 of 3 |

Present: The Honorable    HERNÁN D. VERA, UNITED STATES DISTRICT JUDGE

| DANIEL TORREZ | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS— ORDER TO SHOW CAUSE WHY THE COURT
SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL
JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

The Complaint filed in this action asserts claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12010–12213, California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51–53, California's Disabled Persons Act, Cal. Civ. Code §§ 54–55, California Health & Safety Code, Cal. Health & Safety Code § 19955, *et seq.*, and Negligence. [Dkt. 1].  It appears that the Court has supplemental jurisdiction over the state law claims.  *See* 28 U.S.C. § 1367(a).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness, and comity.'"  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), *abrogated on other grounds by Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 39–41 (2025)).  However, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right," and district courts "can decline to exercise jurisdiction over pendent claims for a number of valid reasons."  *Id.* at 172 (citation omitted).  This discretion is codified in Section 1367(c):

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or

---

CV-90                          **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 2:26-cv-05498-HDV-DSR | | Date | June 5, 2026 |
|---|---|---|---|---|

| Title | *Edmond Neal v. Margaret Mi Kim* | Page | 2 of 3 |
|---|---|---|---|

(4) in exceptional circumstances, there are other compelling reasons for
declining jurisdiction.

28 U.S.C. § 1367(c).

In 2012, California adopted a heightened pleading standard for lawsuits brought under
the Unruh Act to combat the influx of baseless claims and vexatious litigation in the disability
access litigation sphere.  Cal. Civ. Code § 55.52(a)(1).  The stricter pleading standard requires a
plaintiff bringing construction-access claims to file a verified complaint alleging specific facts
concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff
was deterred and each date on which the plaintiff encountered each barrier or was deterred.  *See*
Cal. Civ. Proc. Code § 425.50(a).  California also imposed a "high-frequency litigant fee" in
2015 in response to the "special and unique circumstances" presented by certain plaintiffs and
law firms filing an outsized number of Unruh Act lawsuits.  Cal. Gov't Code § 70616.5.  A
"high-frequency litigant" is "a plaintiff who has filed 10 or more complaints alleging a
construction-related accessibility violation within the 12-month period immediately preceding
the filing of the current complaint alleging a construction-related accessibility violation" *and* "an
attorney who has represented as attorney of record 10 or more high-frequency litigant plaintiffs
in actions that were resolved within the 12-month period immediately preceding the filing of the
current complaint alleging a construction-related accessibility violation."  Cal. Civ. Proc. Code
§ 425.55(b)(1) & (2).  High frequency litigants are also required to state: (1) "[w]hether the
complaint is filed by, or on behalf of, a high-frequency litigant"; (2) in the case of a
high-frequency plaintiff, the number of complaints alleging a construction-related accessibility
claim filed by the high-frequency litigant during the 12 months prior; (3) "the reason the
individual was in the geographic area of the defendant's business"; and (4) "the reason why the
individual desired to access the defendant's business." *See id.* § 425.50(a)(4)(A).

In recognition of California's efforts to reduce the abuse of California's disability access
laws, some district courts within the state have determined that the interests of fairness and
comity counsel against exercising supplemental jurisdiction over construction-access claims
brought under the Unruh Act.  *See, e.g.*, *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D.
Cal. 2017) ("[T]he Court finds it would be improper to allow Plaintiff [a high frequency litigant]
to use federal court as an end-around to California's pleading requirements.  Therefore, as a
matter of comity, and in deference to California's substantial interest in discouraging unverified
disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's
Unruh Act claim.").  And the Ninth Circuit has affirmed this practice.  *See Vo v. Choi*, 49 F.4th
1167, 1171–73 (9th Cir. 2022); *see also Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021)
("The district court's principal justification for declining supplemental jurisdiction was that the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 2:26-cv-05498-HDV-DSR | Date | June 5, 2026 |
|---|---|---|---|

| Title | *Edmond Neal v. Margaret Mi Kim* | Page | 3 of 3 |
|---|---|---|---|

distinctive configuration of California-law rules . . . would be rendered ineffectual if the district court were to exercise supplemental jurisdiction.  We hold that the district court did not abuse its discretion in concluding that, for this reason, this case presents 'exceptional circumstances' within the meaning of § 1367(c)(4).").

In light of the foregoing, the Court orders Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim and any other state law claim asserted in the Complaint.  *See* 28 U.S.C. § 1367(c).  In responding to this Order to Show Cause, Plaintiff shall identify the amount of statutory damages Plaintiff seeks to recover. Plaintiff and counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code §§ 425.55(b)(1) & (2).

**Plaintiff shall file a Response to this Order to Show Cause in ten (10) days.** Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court declining to exercise supplemental jurisdiction over the Unruh Act claim and other state law claims, if any, and the dismissal of any such claims pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**